UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF SHARON LOUISE MACDONELL,<br><br>Applicant, | No. 2:17-mc-00189 TLN AC<br><br>ORDER |

Pending before the court is an *ex parte* application by Sharon Louis MacDonell ("Applicant") for an order pursuant to 28 U.S.C. § 1782 granting Applicant leave to conduct discovery in this district for use in a currently pending foreign proceeding. ECF No. 1 ("Application"). After considering the briefing and other documentation in support of the application, as well as applicable law, the court will grant the application.

## I. BACKGROUND

The background facts for purposes of this application are taken from the Applicant's Memorandum of Points and Authorities and Applicant's declaration in support of the application. See generally Application; Declaration of Sharon Louise MacDonell, ECF No. 2 ("MacDonell Decl.").

Applicant and Roger MacDonell ("Roger") were married in California on October 3, 1992. They moved to France in September 2006 with their four children. On or about September

24, 2010, Roger initiated divorce proceedings in France, which are currently pending. According to Applicant, Roger has been reluctant to disclose his actual resources and the income derived from his invested capital, and refuses to produce documents requested by the French court's Disclosure Order. MacDonell Decl. ¶¶8-10, Exh. A (p. 25), Exh. B (p. 3). Applicant states that the French court has issued orders relating to child support, child custody, and interim spousal support. The French Court of Appeal has also issued a final judgment on spousal support (referred to as "prestation compensatory"). MacDonell Decl. ¶¶6, 12, Exh. A. However, there are a number of marital assets that remain to be valued and divided by the French Court, which has determined that California law applies, including but not limited to business assets in Shipping Solutions, LP, business interests in CGI Franchise Systems, Inc. and Worldwide Express Holdings, LLC., bank accounts, life insurance, club memberships, retirement accounts, investment accounts, and real property assets located in California and Texas. MacDonell Decl. ¶13. The final judgement from the French Court of Appeal has been registered with the San Mateo Superior Court. MacDonell Decl. Exh. A (pp. 1-2).

By way of this application, and pursuant to 28 U.S.C. § 1782, Applicant seeks four document subpoenas directed at CGI Franchise Systems, Inc., Shipping Solutions, LP, Wells Fargo Bank and the Vanguard Group, as well as a deposition subpoena to the "Person Most Knowledgeable" for Shipping Solutions, LP. See generally Application, Exhs. A-E. Applicant seeks production of documents for the period of July 1, 2010, through and including the date of production. Applicant indicates she seeks discovery to assist the French court in its determination of the division and allocation of marital assets in the following: CGI Franchise Systems, Inc., which was a business established around March 28, 1994 and sold around August 2, 2007; Worldwide Express Holdings, LLC, a business established around August 2, 2007; Shipping Solutions, LP, a business established around April 20, 1998; both Roger and Shipping Solutions, LP's bank accounts at Wells Fargo Bank; and a Vanguard investment account opened during the time of their marriage. MacDonell Decl. ¶¶13-16, 18-20.

////

////

## II. LEGAL STANDARD

28 U.S.C. § 1782 provides, in part, the following:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).

"Section 1782 is the product of congressional efforts…to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). "The prima facie showing mandated by the statute is only that the application be made (1) by a foreign or international tribunal or any interested person, (2) that it be for use in a proceeding in a foreign or international tribunal, and (3) that the person or entity from whom the discovery is sought be a resident of or be found in the district in which the application is filed." In re Bayer AG, 146 F.3d 188, 193 (3d Cir. 1998) (citation and internal quotation marks omitted); see also In re Republic of Ecuador, 2011 WL 4089189 at *2 (E.D. Cal. Sept. 13, 2011). The section "authorizes, but does not require, a federal district court to provide assistance to a complainant" in a foreign proceeding. Intel, 542 U.S. at 255.

In exercising its wide discretion whether to grant an application made pursuant to section 1782, the Supreme Court in Intel has indicated that a district court should consider the following:

////

> (1) Whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 and; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

In re Republic of Ecuador, 2011 WL 4089189 at *2 (citing Intel, 542 U.S. at 264-65).

An *ex parte* application is an acceptable method for seeking discovery pursuant to section 1782. In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that subpoenaed parties may raise objections and exercise their due process rights by motions to quash the subpoenas).

## III. ANALYSIS

Here, Applicant has met the three statutory requirements of 28 U.S.C. § 1782. First, the Applicant is an interested person because she is a party to the pending French divorce proceeding. Second, the court has little difficulty in concluding that the divorce proceeding in France qualifies as a proceeding in a foreign tribunal for purposes of the statute. Third, Applicant has made a prima facie showing that Shipping Solutions, LP, CGI Franchise Systems, Inc., the Vanguard Group, and Wells Fargo Bank, are residents of and/or are "found" in this district. See 28 U.S.C. § 1782(a).

Next, this court considers whether the discretionary factors iterated by the Supreme Court weigh in favor or against the issuance of the subpoenas.

A. Jurisdictional Reach of Foreign Tribunal

When assessing the first factor, the Supreme Court has noted that

> when the person from whom discovery is sought is a participant in the foreign proceeding…the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in foreign proceedings may be outside the foreign tribunal's jurisdictional reach; thus, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

Intel Corp., 542 U.S. at 244.

Here, the material and individual sought to be subpoenaed may not be accessible by means other than section 1782, because none of the business entities are parties to the pending litigation in France and thus may not be within the French court's jurisdictional reach. Application p.11 ¶¶6-11.  Moreover, Applicant states that she is unable to obtain discovery using French procedures because in divorce proceedings, "the French judicial system relies on voluntary production and has no formal, court supervised discovery procedures." Application p. 11 ¶¶11-18.  Therefore, the first factor favors granting the application.

### B. Nature and Receptivity of Foreign Tribunal

There is no evidence before the court to suggest that France or French courts would not be receptive to the assistance sought here of a United States court.  On the contrary, Applicant cites to the proposition that "no authoritative declarations by French judicial, executive or legislative bodies objecting to foreign discovery assistance appear on the record" and therefore granting discovery pursuant to section 1782 would "not offend the people of France." Euromepa v. S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1101 (2d Cir. 1995) (internal quotations omitted); Application p. 13 ¶¶ 5-8.  Moreover, France has indicated its receptivity to mutual judicial cooperation in civil matters through its ratification of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.  Convention Adopted at the Eleventh Session of the Hague Conference on Private Int'l Law Oct. 26, 1968; T.I.A.S. No. 7444 (Oct. 7, 1972).  Therefore, the second factor also weighs in favor of granting the application.

### C. Attempt to Circumvent Foreign Proof-Gathering Restrictions or Policies

For the same reasons above, it does not appear that Applicant is attempting to circumvent foreign proof-gathering restrictions or policies or other policies of the United States.  Indeed, it does not appear that the French court could compel the requested business entities to provide evidence or depositions since neither is a party to the French divorce proceeding.  At most, Applicant is seeking to "fill a gap in foreign discovery devices" in order to assist the French court in its determination of the division of marital assets still at issue in the foreign proceeding. Application p. 14 ¶¶16-24.  As such, the third factor likewise favors granting the application.

D. <u>Unduly Intrusive or Burdensome</u>

In reviewing the application, the requests do not seem to be unduly intrusive or burdensome. The subpoenas essentially seek documents relating to business entities and accounts that were established during the life of the marriage between Applicant and Roger MacDonell. Application, Exhs. A-E (pp.4-50).

As Applicant explains she is targeting "a discrete set of records and information relating to a business owned by Roger, stock acquired during the marriage as well as bank accounts and other financial assets acquired during the marriage." Application, p. 15 ¶13-18. Therefore, the universe of responsive documents is likely to be manageable and readily accessible to the subpoenaed entities, therefore involving no significant burden. Accordingly, the fourth factor also favors the application.

Because all four discretionary factors weigh in favor of granting the application, the court grants the application upon the terms specified below.

## IV. CONCLUSION

In light of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Applicant's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 granting Applicant leave to conduct discovery in this district for use in contemplated foreign litigation (ECF No. 1) is GRANTED.

2. Applicant may serve on CGI Franchise Systems, Inc., Shipping Solutions, LP, Wells Fargo Bank and the Vanguard Group, as well as a deposition subpoena to the "Person Most Knowledgeable" for Shipping Solutions, LP setting a reasonable date for compliance. A date and location shall be selected that is agreeable to both parties.

3. CGI Franchise Systems, Inc., Shipping Solutions, LP, Wells Fargo Bank and the Vanguard Group, as well as the "Person Most Knowledgeable" for Shipping Solutions, LP, and/or any other interested person may raise objections and/or move to quash or modify the subpoena, as appropriate, prior to the date by which compliance is requested. Before the filing of any motion, the parties, entities, or persons involved shall meet and confer in good faith in accordance with Local Rule 251. Furthermore,

pending resolution of any such motion by the court CGI Franchise Systems, Inc., Shipping Solutions, LP, Wells Fargo Bank and the Vanguard Group, shall make appropriate efforts to maintain and not destroy any documents responsive to the subpoenas.

4. Any documents produced pursuant to the subpoenas may be used solely for purposes of the current pending divorce proceeding in France, and shall not be disclosed to persons other than Applicant or Applicant's counsel.

5. Applicant shall serve a copy of this order on CGI Franchise Systems, Inc., Shipping Solutions, LP, Wells Fargo Bank and the Vanguard Group, as well as the "Person Most Knowledgeable" for Shipping Solutions, LP along with any subpoena.

IT IS SO ORDERED.

DATED: December 15, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE